IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01488-BNB

BOBBY JACK JENKINS,

    Plaintiff,

v.

ET AL.,
U.S. GOVERNMENT INTELLIGENCE AGENTS,
AIR FORCE – WASHINGTON D.C.,
SOCIAL SECURITY ADMINISTRATION INTELLIGENCE AGENT JEFF GRAHAM,
    State of Wyoming,
THE HONORABLE MATT MEAD, Gover. of Wyoming,
HONORABLE NANCY D. FREUDENTHAL, Chief United States District Judge,
TIMOTHY W. GIST, Assistant United States Attorney,
MARK LANZMAN, Attorney,
STATE OF WYO WORKER COMPENSATION, Cheyenne Wyo – State of Wyo, and
USDA HUD – LOW INCOME HOUSING DEPT. OF THE STATE OF WYO – SAGE
    APARTMENT,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Bobby Jack Jenkins, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Jenkins has filed *pro se* a Prisoner Complaint (ECF No. 1). The court must construe the Prisoner Complaint liberally because Mr. Jenkins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jenkins will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint is deficient. For one thing, it is not clear exactly who Mr. Jenkins is suing because he improperly uses "et al." in the caption of the Prisoner Complaint and the list of parties in the text of the Prisoner Complaint includes individuals and entities that are not listed as Defendants in the caption. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name." Regardless of who Mr. Jenkins names as Defendants, he must provide a complete address for each named Defendant so that they may be served properly.

The Court also finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that

the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Jenkins fails to provide a short and plain statement of his claims showing that he is entitled to relief and he fails to provide a clear statement of the relief he seeks. To the extent Mr. Jenkins contends that Defendants have violated federal criminal statutes, Mr. Jenkins lacks standing to prosecute a criminal action. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). To the extent Mr. Jenkins asserts a claim under the Americans with Disabilities Act, the claim is unclear. In short, it is not clear why Mr. Jenkins is suing the named Defendants in this court in this action or what specific relief he is seeking. Therefore, Mr. Jenkins must file an amended complaint if he wishes to pursue any claims in this action.

Mr. Jenkins must identify, clearly and concisely and in plain language, who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown*

*B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Jenkins file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Jenkins shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Jenkins fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED June 27, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge