IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01488-BNB

BOBBY JACK JENKINS,

    Plaintiff,

v.

ET AL.,
U.S. GOVERNMENT INTELLIGENCE AGENTS,
AIR FORCE – WASHINGTON D.C.,
SOCIAL SECURITY ADMINISTRATION INTELLIGENCE AGENT JEFF GRAHAM,
    State of Wyoming,
THE HONORABLE MATT MEAD, Gover. of Wyoming,
HONORABLE NANCY D. FREUDENTHAL, Chief United States District Judge,
TIMOTHY W. GIST, Assistant United States Attorney,
MARK LANZMAN, Attorney,
STATE OF WYO WORKER COMPENSATION, Cheyenne Wyo – State of Wyo, and
USDA HUD – LOW INCOME HOUSING DEPT. OF THE STATE OF WYO – SAGE
    APARTMENT,

    Defendants.

ORDER

    This matter is before the Court on the document titled "Motion Injunction and a Restraining Order" (ECF No. 11) filed *pro se* by Plaintiff, Bobby Jack Jenkins. The motion has been docketed as a motion for a preliminary injunction and a temporary restraining order. The Court must construe the motion liberally because Mr. Jenkins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

Mr. Jenkins is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Jenkins initiated this action by filing a Prisoner Complaint (ECF No. 1), although the specific claims he is asserting are not clear. On June 27, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 9) directing Mr. Jenkins to file an amended complaint that clarifies who he is suing and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In the motion for a preliminary injunction and a temporary restraining order, Mr. Jenkins seeks a preliminary injunction or a temporary restraining order against prison officials who allegedly are retaliating against him.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

The Court finds that Mr. Jenkins is not entitled to issuance of either a preliminary injunction or a temporary restraining order. For one thing, the prison officials against whom Mr. Jenkins seeks a preliminary injunction or a temporary restraining order are not parties to this action. Furthermore, Mr. Jenkins has not filed a pleading in this action that provides a short and plain statement of the specific claims for relief he intends to

pursue. As a result, Mr. Jenkins fails to demonstrate he will suffer immediate and irreparable injury. Therefore, the motion will be denied. Accordingly, it is

ORDERED that Plaintiff's "Motion Injunction and a Restraining Order" (ECF No. 11) filed July 2, 2013, is denied.

DATED at Denver, Colorado, this 8th day of July, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court